[Cite as *State v. Grant*, 2019-Ohio-3561.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     29259 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EMMANUEL GRANT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR-2018-05-1463 |

DECISION AND JOURNAL ENTRY

Dated: September 4, 2019

TEODOSIO, Presiding Judge.

{¶1}   Appellant, Emmanuel Grant, appeals from his conviction in the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}   Mr. Grant was 17 years old when he and another individual, under the guise of selling an iPhone, met up with the victim and robbed him at gunpoint of $280.00 cash.  The juvenile court was statutorily mandated to bind the case over to the general division, and Mr. Grant was then indicted as an adult for aggravated robbery with a firearm specification.  He pled guilty to an amended charge of robbery, while the firearm specification was dismissed.  The trial court sentenced him to three years in prison.

{¶3}   Mr. Grant now appeals from his conviction and raises two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE CRIMINAL COURT ERRED WHEN IT FAILED TO SENTENCE EMMANUEL GRANT IN ACCORDANCE WITH R.C. 2152.121 * * *.

{¶4} In his first assignment of error, Mr. Grant argues that the trial court committed plain error in failing to transfer his case back to juvenile court after he was convicted of a discretionary transfer offense, in accordance with R.C. 2152.121(B)(3). We agree that the matter must be remanded for the trial court to consider and apply R.C. 2152.121(B).

{¶5} Mr. Grant concedes that he never objected at the trial court level and is therefore limited to arguing plain error on appeal. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). To establish plain error, one must show (1) an error occurred, i.e., a deviation from a legal rule, (2) the error is plain, i.e., an obvious defect in the proceedings, and (3) the error affected a substantial right, i.e., affected the outcome of the proceedings. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 36. Courts should notice plain error only with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *Id.* at ¶ 37.

{¶6} Juvenile courts have "'exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult.'" *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, ¶ 2, quoting *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, ¶ 11; R.C. 2151.23(A). Jurisdiction may be transferred from juvenile court to adult court, however, and the transfer will be either mandatory or discretionary. *See State v. Lewis*, 9th Dist. Summit No. 27887, 2017-Ohio-167, ¶ 9. R.C. 2152.10(A) sets forth which juvenile cases are subject to mandatory bindover and includes cases where the alleged delinquent child is at least 16 years old and is charged with a "category two offense" with a firearm, if there is

probable cause to believe that the child committed the act charged. *Aalim* at ¶ 13. Contrarily, R.C. 2152.10(B) sets forth which cases the juvenile court maintains discretion to transfer its jurisdiction to the adult court. In those cases, the juvenile court may only transfer jurisdiction if it makes certain findings under R.C. 2152.12(B). Here, because Mr. Grant was 17 years old at the time he allegedly committed a "category two offense" with a firearm to wit: aggravated robbery under R.C. 2911.01(A)(1) and the juvenile court found probable cause to believe that he committed the act as charged, the court was *required* by statute to transfer its jurisdiction over the case to the general division. *See* R.C. 2152.02(BB)(1), 2152.10(A)(2)(b), and 2152.12(A)(1)(b)(ii). *See also Aalim* at ¶ 13.

{¶7} Despite the initial mandatory bindover, Mr. Grant ultimately pled guilty to, and was convicted of, the lesser offense of robbery in common pleas court. Pursuant to R.C. 2152.121(B)(1), the trial court was therefore required to determine if the initial bindover from the juvenile court would have been mandatory or discretionary for acts which would constitute the offense of robbery if committed as an adult. *See State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, ¶ 12. The trial court is presented with three options under R.C. 2152.121(B)(2)-(4). First, if the court determines that a mandatory bindover would have been required, it must sentence the child under R.C. Chapter 2929 accordingly. *See* R.C. 2152.121(B)(4). However, if a mandatory bindover would not have been required and a discretionary bindover would not have been allowed, the trial court must transfer jurisdiction back to the juvenile court. *See* R.C. 2152.121(B)(2). Finally, if the court determines that a mandatory bindover would not have been required, but a discretionary bindover would have been allowed, a "reverse-bindover" procedure shall occur, in which the trial court shall: (1) determine an appropriate sentence under R.C. Chapter 2929; (2) impose that sentence; and (3) stay the sentence pending completion of the

procedures outlined in R.C. 2152.121. *See* R.C. 2152.121(B)(3); *D.B.* at ¶ 13. Furthermore, upon the imposition and staying of that sentence under R.C. 2152.121(B)(3), the trial court shall then transfer jurisdiction of the case back to the juvenile court for further proceedings in accordance with R.C. 2152.121(B)(3)(a)-(b). Because our review of the record reveals that the trial court did not consider and apply R.C. 2152.121(B) in Mr. Grant's case, we must remand the matter back to the trial court to conduct the appropriate analysis. *See State v. Ferguson*, 2d Dist. Montgomery No. 27032, 2017-Ohio-7930, ¶ 90 ("[T]he procedures set forth in R.C. 2152.121 are clear and unambiguous, and the adult court does not have the discretion to ignore its mandates.").

{¶8} The State concedes that the amended charge of robbery would not have subjected Mr. Grant to a mandatory bindover, but a bindover would have instead been at the discretion of the juvenile court. It nonetheless contends that the error was harmless because had the trial court properly transferred jurisdiction back to the juvenile court pursuant to R.C. 2152.121(B)(3), the State would have objected to the imposition of a serious youthful offender dispositional sentence in juvenile court under R.C. 2152.121(B)(3)(b) and would have shown that Mr. Grant is not amenable to rehabilitation and the safety of the community requires that he be subject solely to adult sanctions. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."). We find no merit in the State's harmless error argument, however, as it is not necessary to place the proverbial cart before the horse and speculate as to what the State may later argue or what the juvenile court may later hold once jurisdiction is transferred. For now, the trial court must first consider and apply R.C. 2152.121(B).

{¶9} We conclude that this is an exceptional case whereby the trial court committed plain error in failing to follow the procedures set forth in R.C. 2152.121(B), which error affected Mr. Grant's substantial rights. To prevent a manifest miscarriage of justice, the matter must be remanded back to the trial court for consideration and application of R.C. 2152.121(B).

{¶10} Mr. Grant's first assignment of error is sustained.

## ASSIGNMENT OF ERROR TWO

EMMANUEL GRANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND ARTICLE I, SECTION 10, OHIO CONSTITUTION * * *.

{¶11} In his second assignment of error, Mr. Grant argues that his counsel was ineffective in failing to inform or apprise the trial court of R.C. 2152.121 and in failing to object when the trial court did not stay his sentence and transfer his case back to the juvenile court. Because we have already sustained his first assignment of error and are remanding the matter back to the trial court to consider and apply R.C. 2152.121(B), Mr. Grant's ineffective assistance claim has been rendered moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶12} Mr. Grant's first assignment of error is sustained. We decline to address his second assignment of error, as it has been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

CHARLYN BOHLAND, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.