**[Cite as *State v. Callaghan*, 2021-Ohio-1047.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29431 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID A. CALLAGHAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 18 09 3076 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2021

---

TEODOSIO, Judge.

{¶1} Appellant, David A. Callaghan, appeals from the judgment of the Summit County Court of Common Pleas, sentencing him to eighteen years to life in prison. This Court affirms in part, reverses in part, and remands for further proceedings consistent with this opinion.

I.

{¶2} Mr. Callaghan pled guilty to murder (Count 1), a special felony, tampering with evidence (Count 2), a felony of the third degree, gross abuse of a corpse (Count 3), a felony of the fifth degree, and domestic violence (Count 4), a misdemeanor of the first degree. The remaining charges were dismissed. The trial court ordered a pre-sentence investigation report ("PSI") and later sentenced him to fifteen years to life in prison for Count 1, three years in prison for Count 2, one year in prison for Count 3, and six months in prison for Count 4. Counts 1 and 2 were run consecutively to each other, but concurrently with Counts 3 and 4, for a total aggregate sentence of eighteen years to life in prison.

{¶3} Mr. Callaghan now appeals from the trial court's judgment entry and raises four assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY ACCEPTING DEFENDANT'S GUILTY PLEA AS IT WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE BECAUSE THE TRIAL COURT DID NOT INFORM DEFENDANT OF THE MAXIMUM OR MANDATORY PENALTIES AS REQUIRED UNDER CRIM.R. 11(C)(2)(A).

{¶4} In his first assignment of error, Mr. Callaghan argues that the trial court committed reversible and plain error in accepting his guilty pleas, as they were not knowing, intelligent, and voluntary because the court failed to inform him of the maximum penalties for murder, e.g., mandatory prison time and a potential fine. We disagree.

{¶5} "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. "Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." *Id.* Pursuant to Crim.R. 11(C)(2)(a), a trial court shall not accept a guilty plea to a felony offense without first addressing the defendant personally and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶6} The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11 in order to avoid committing error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29. *See also State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 19, fn. 2 ("Literal compliance with

Crim.R. 11, in all respects, remains preferable to inexact plea hearing recitations."). "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Clark* at ¶ 30.

{¶7} Crim.R. 11(C)(2)(a) addresses nonconstitutional rights, and trial courts must substantially comply with the Crim.R. 11 notification requirements for nonconstitutional rights. *Farnsworth* at ¶ 5; *Clark* at ¶ 31-32. To substantially comply with Crim.R. 11, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving[.]'" *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). If substantial compliance is not achieved, a reviewing court must determine if the trial court partially complied or failed to comply with the rule. *Id.* at ¶ 32. A trial court's complete failure to comply with Crim.R. 11 requires the plea to be vacated, but if the court partially complied with the rule the defendant must demonstrate prejudice for the plea to be vacated. *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108.

{¶8} Mr. Callaghan argues that the trial court failed to inform him that his prison sentence for murder would be mandatory and that he would be subject to a maximum fine of up to $15,000.00. The right to be informed of the maximum penalty for a crime is a nonconstitutional right, so a review of the plea hearing transcript is necessary to determine whether there was substantial compliance with Crim.R. 11. *State v. Bailey*, 9th Dist. Summit Nos. 28003, 28004, and 28005, 2016-Ohio-4937, ¶ 14. The offense of murder in violation of R.C. 2903.02 carries with it a mandatory prison sentence. *See* R.C. 2929.02(B)(1); R.C. 2929.13(F)(1); R.C. 2929.01(X)(1).

In addition, the offense of murder subjects the offender to a potential fine of up to $15,000.00. *See* R.C. 2929.02(B)(4). Accordingly, in order to comply with the mandates of Crim.R. 11(C)(2)(a), the trial court needed to inform Mr. Callaghan at the plea hearing that he would not be eligible for probation or the imposition of community control sanctions. *See State v. Garrett*, 9th Dist. Summit No. 24143, 2009-Ohio-2339, ¶ 9; *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 30 (Kennedy, J., concurring in judgment only). The court also had to notify him of the maximum, potential fine he faced by pleading guilty to murder.

{¶9} In explaining the maximum penalties for each charge during its plea colloquy with Mr. Callaghan, the trial court informed him that the offense of murder carried with it a prison term of fifteen years to life. The court asked Mr. Callaghan if he understood the maximum penalties for his offenses, and Mr. Callaghan said, "Yes." The court did not, however, expressly state that the prison term was "mandatory," nor did it expressly state that Mr. Callaghan would not be eligible for community control. The court further neglected to expressly inform Mr. Callaghan of the possible fines he faced for each offense, including the maximum potential fine of up to $15,000.00 for the offense of murder. *See* R.C. 2929.02(B)(4).

{¶10} Nonetheless, the record reveals that Mr. Callaghan also executed a written plea of guilty in this case. The written plea form lists the maximum prison term for Count 1 as "15 to life" and the box indicating "Mand. Prison" is unmistakably checked. The plea form also states the maximum fines for each individual offense, including a "$20k" fine for Count 1. Directly underneath the charges and maximum penalties, the plea form states: "I understand the above penalties are the maximum penalties for the offenses listed." On the second page of the document is a handwritten note that the "State and defense will argue position on *additional time on top of the murder charge*." (Emphasis added.) During the plea colloquy, the trial court specifically asked

Mr. Callaghan if he reviewed, read, and understood the written plea of guilty form, and Mr. Callaghan said, "Yes." The court then asked Mr. Callaghan, "Is this your signature on the second page?" and he again replied, "Yes." The court then asked one final time before inquiring how Mr. Callaghan would like to plead: "Do you have any questions?" Mr. Callaghan replied, "No."

{¶11} Under these particular circumstances, we conclude that the trial court substantially complied with the mandates of Crim.R. 11. The court correctly explained to Mr. Callaghan that murder carried with it a sentence of fifteen years to life in prison. While Mr. Callaghan argues that the court's oral explanation was incomplete, as it did not state he would be ineligible for community control and also failed to mention the maximum fine, the record reflects that the trial court had Mr. Callaghan's signed, written plea form before it during the plea hearing. The plea form clearly indicated the mandatory nature of the sentence for murder and listed a maximum fine for murder, albeit an amount *greater* than the maximum fine prescribed by law. The court inquired as to Mr. Callaghan's review and understanding of the information in the plea form and asked if he signed it. The court also asked if he had any questions about it. Based on Mr. Callaghan's responses during the plea colloquy as well as his indications to the court that he reviewed, understood, and signed the written plea agreement, the trial court could determine that he was pleading guilty voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved. Murder is also the type of "heinous crime[] for which a defendant would have no reason to expect the imposition of community control sanctions." *State v. Tutt*, 8th Dist. Cuyahoga No. 102687, 2015-Ohio-5145, ¶ 27. Based on the totality of the circumstances present in this case, we determine that Mr. Callaghan subjectively understood the maximum penalties he faced by pleading guilty, including the mandatory nature of the prison term required for murder, which effectively rendered him ineligible for community control, and the maximum, potential fine

he faced. *See State v. Billenstein*, 3d Dist. Mercer No. 10-13-10, 2014-Ohio-255, ¶ 50-51. Because the trial court substantially complied with the Crim.R. 11(C)(2)(a) notification requirements, Mr. Callaghan has failed to show the trial court committed reversible error in accepting his guilty pleas.

{¶12} Mr. Callaghan's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN SENTENCING DEFENDANT TO A MANDATORY PERIOD OF FIVE YEARS OF POST-RELEASE CONTROL.

{¶13} In his second assignment of error, Mr. Callaghan argues that the trial court committed reversible and plain error by incorrectly imposing a five-year period of post-release control as part of his sentence.

{¶14} "[A] trial court must provide statutorily compliant notification to a defendant regarding post[-]release control at the time of sentencing, including notifying the defendant of the details of the post[-]release control and the consequences of violating post[-]release control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. The court also "must incorporate into the sentencing entry the post[-]release[ ]control notice to reflect the notification that was given at the sentencing hearing." *Id.* at ¶ 19. The failure to properly impose post-release control in a sentence renders that sentence voidable. *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, ¶ 14, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 39-42.

{¶15} Murder is a special felony and domestic violence is a misdemeanor, so Mr. Callaghan was not subject to post-release control for those two offenses. *See* R.C. 2967.28(B)-(C) (listing post-release control terms exclusively for felonies of the first, second, third, fourth, and fifth degree). Tampering with evidence is a felony of the third degree, but is neither an offense of violence nor a sex offense, and gross abuse of a corpse is a felony of the fifth degree, so Mr.

Callaghan is subject to a discretionary period of up to three years of post-release control for those two offenses. *See* R.C. 2967.28(C).

{¶16} The trial court, however, erroneously ordered Mr. Callaghan to serve a mandatory period of five years post-release control in this case and further incorporated that order into its sentencing entry. The State concedes the error. Because the trial court did not properly impose post-release control, that part of Mr. Callaghan's sentence is set aside, and he is entitled to a new sentencing hearing limited to the proper imposition of post-release control. *See State v. Mills*, 9th Dist. Summit No. 28954, 2021-Ohio-52, ¶ 13. *Compare State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 2019-Ohio-1569, ¶ 10-11 (holding that a resentencing hearing is not required when a trial court simply deletes a post-release control provision that should not have been included in the initial sentencing entry).

{¶17} Mr. Callaghan's second assignment of error is sustained.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED DEFENDANT TO CONSECUTIVE TERMS WITHOUT STRICTLY COMPLYING WITH R.C. 2929.14(C).

{¶18} In his third assignment of error, Mr. Callaghan argues that the trial court committed reversible and plain error when it failed to comply with R.C. 2929.14(C) in imposing consecutive sentences.

{¶19} The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. *See also* R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will

produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶20} Mr. Callaghan acknowledges that he failed to object to the imposition of consecutive sentences at the trial court level and has therefore forfeited all but plain error on appeal. *See State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 152. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "To establish plain error, one must show (1) an error occurred, i.e., a deviation from a legal rule, (2) the error is plain, i.e., an obvious defect in the proceedings, and (3) the error affected a substantial right, i.e., affected the outcome of the proceedings." *State v. Grant*, 9th Dist. Summit No. 29259, 2019-Ohio-3561, ¶ 5, citing *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 36. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶21} The Supreme Court of Ohio has stated that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Still, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶22} "[I]f the trial court does not make the factual findings required by R.C. 2929.14(C)(4), then 'a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed * * *.'" *Bonnell* at ¶ 23, quoting R.C. 2929.41(A). A word-for-word recitation of the language of the statute is not required, however, provided the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings. *Id.* at ¶ 29. In other words, trial courts are not required to give a "talismanic incantation" of the words of the statute, provided the necessary findings can be found in the record and are incorporated into the sentencing entry. *Id.* at ¶ 37.

{¶23} Mr. Callaghan has not argued that any findings made by the trial court were unsupported by the evidence or that the sentencing entry failed to incorporate the findings, but instead only argues that the trial court failed to make the requisite findings for the imposition of consecutive sentences. *See, e.g., State v. Snyder*, 9th Dist. Summit No. 28109, 2016-Ohio-7881, ¶ 17.

{¶24} The trial court here did not utilize the specific statutory language of R.C. 2929.14(C)(4) when imposing consecutive sentences, but it was not required to do so. *See Bonnell* at ¶ 29, 37. Upon review, however, we can only discern from the various statements made by the trial court at sentencing that it engaged in the proper analysis to make some, but not all, of the findings required for the imposition of consecutive sentences under R.C. 2929.14(C)(4). While sentencing Mr. Callaghan, the trial court addressed the issue of consecutive sentences as follows:

> I find consecutive sentencing is necessary in this matter. It is not disproportionate to the offense to which he pled. It is also necessary to protect the public and punish the offender and is necessary considering the extreme hardship that you caused. You caused her death. And not only that, but after that, you buried her in her own backyard and burned her belongings on top of her; meanwhile, presenting to this family that she was alive and wanted nothing to do with them.

From these statements, we can discern that the trial court engaged in the correct analysis and made the appropriate finding as to the first prong of R.C. 2929.14(C)(4) (i.e., consecutive sentences are necessary to protect the public from future crime or to punish the offender). Although the court stated, "It is not disproportionate to the offense to which he pled[,]" we cannot discern whether the court engaged in a *complete* analysis for the second prong of R.C. 2929.14(C)(4) (i.e., consecutive sentences are not disproportionate to the seriousness of the offender's conduct *and to the danger the offender poses to the public*). Furthermore, there is no indication in the record that the trial court engaged in the proper analysis or made at least one of the requisite findings under the third prong of R.C. 2929.14(C)(4), which are set forth in R.C. 2929.14(C)(4)(a)-(c).

{¶25} Accordingly, the trial court's imposition of consecutive sentences in Mr. Callaghan's case was contrary to law and constituted plain error. *See State v. Magee*, 6th Dist. Sandusky No. S-18-029, 2019-Ohio-1921, ¶ 27; *State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, ¶ 71; *State v. Aikens*, 11th Dist. Trumbull No. 2014-T-0124, 2016-Ohio-2795, ¶ 53; *State v. Jackson*, 7th Dist. Mahoning No. 12 MA 199, 2014-Ohio-777, ¶ 19; *State v. Wilson*,

10th Dist. Franklin No. 12AP-551, 2013-Ohio-1520, ¶ 18. We therefore reverse the trial court's imposition of consecutive sentences and remand the matter for resentencing so the court can properly consider R.C. 2929.14(C)(4) and make the necessary findings. *See State v. Duffy*, 9th Dist. Lorain Nos. 18CA011342 through 18CA011349, 2020-Ohio-3137, ¶ 22; *State v. Mellott*, 9th Dist. Wayne Nos. 16AP0081 and 16AP0082, 2017-Ohio-7545, ¶ 16; *State v. Marcum*, 9th Dist. Wayne No. 16AP0084, 2017-Ohio-7655, ¶ 9-10; *State v. Thompson*, 9th Dist. Wayne No. 15AP0016, 2016-Ohio-4689, ¶ 48.

{¶26} Mr. Callaghan's third assignment of error is sustained.

### ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT APPLIED THE WRONG LEGAL ANALYSIS WHEN IT CONSIDERED WHETHER DEFENDANT'S CONVICTIONS MERGE FOR SENTENCING PURPOSES IN DETERMING (SIC) IF THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶27} In his fourth assignment of error, Mr. Callaghan argues that the trial court committed reversible and plain error in applying the test for allied offenses of similar import from *State v. Johnson*, rather than the test from *State v. Ruff*, when it declined to merge any counts for sentencing. *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314; *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995.

{¶28} "This Court generally applies a de novo standard of review when reviewing a trial court's decision regarding the merger of convictions for the purposes of sentencing." *State v. Lucas*, 9th Dist. Summit No. 29077, 2019-Ohio-2607, ¶ 6, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1. Mr. Callaghan failed to object or make an allied offenses argument before the trial court, however, and has thus forfeited all but plain error on appeal. *See State v. Daniels*, 9th Dist. Wayne No. 17AP0036, 2020-Ohio-1176, ¶ 37; *State v. Rogers*, 143 Ohio St.3d

385, 2015-Ohio-2459, ¶ 3. Once again, "[t]o establish plain error, one must show (1) an error occurred, i.e., a deviation from a legal rule, (2) the error is plain, i.e., an obvious defect in the proceedings, and (3) the error affected a substantial right, i.e., affected the outcome of the proceedings." *Grant*, 2019-Ohio-3561, at ¶ 5, citing *Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, at ¶ 36. "Under a plain error review, any mistake by the trial court regarding allied offenses 'is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.'" *State v. Beech*, 9th Dist. Summit No. 29036, 2019-Ohio-120, ¶ 17, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. Mr. Callaghan therefore bears the burden of demonstrating "'a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]'" *Id.*, quoting *Rogers* at ¶ 3.

{¶29} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and [Article I, Section 10,] of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶30} At sentencing in this matter, the trial court stated that it analyzed the facts and circumstances of Mr. Callaghan's case under *State v. Johnson* and found "[no] merger due to the serious nature of the offense and the harm [] caused." The Supreme Court of Ohio has since

recognized, however, that its decision in *Johnson* was "incomplete." *Ruff* at ¶ 16. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors under *Ruff*—the conduct, the animus, and the import. *Ruff* at paragraph one of the syllabus. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. "Animus" has been defined as "purpose or, more properly, immediate motive." *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). Multiple offenses are of dissimilar import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 26. Therefore, "courts must ask three questions when [a] defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Id.* at ¶ 31. "An affirmative answer to any of the above will permit separate convictions." *Id.*

{¶31} On appeal, Mr. Callaghan only argues that the trial court applied the wrong analysis when considering the merger issue. He fails to offer any argument, however, to explain how his offenses would be allied offenses of similar import when analyzed under *Ruff*. Further complicating matters is the fact that a PSI was ordered and reviewed by the trial court in this case, which Mr. Callaghan has not included in the appellate record despite his burden to ensure that the record on appeal is complete. *See Lucas*, 2019-Ohio-2607, at ¶ 9; *State v. Snyder*, 9th Dist. Summit No. 28109, 2016-Ohio-7881, ¶ 11, citing *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing App.R. 9. Where the substance of the PSI is necessary to enable us to review the propriety of the sentence, the appellant's failure to ensure that the record includes the report will typically require a presumption of regularity in the sentencing proceedings. *See id.*;

*State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5. For these reasons, we cannot conclude that the trial court committed reversible or plain error in this matter, as Mr. Callaghan has not met his burden of demonstrating "'a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]'" *Beech* at ¶ 17; *Rogers* at ¶ 3.

{¶32} Mr. Callaghan's fourth assignment of error is overruled.

III.

{¶33} Mr. Callaghan's first and fourth assignments of error are overruled. His second and third assignments of error are sustained. The judgment of the Summit Count Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

15

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.