[Cite as *State v. Good*, 2022-Ohio-1981.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

CHASE M. GOOD

    Appellant

C.A. Nos.     20AP0028
                    21AP0011

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE Nos.    2019 CRC-1 000082
              2019 CRC-1 000098

DECISION AND JOURNAL ENTRY

Dated: June 13, 2022

SUTTON, Judge.

**{¶1}** Defendant-Appellant Chase M. Good appeals the judgment of the Wayne County Court of Common Pleas. For the reasons that follow, this Court affirms, in part, reverses, in part, and remands for proceedings consistent with this decision.

I.

**Relevant Background Information**

**{¶2}** The State indicted Mr. Good on 30 counts of drug possession, drug trafficking and weapons charges in Case Nos. 2019 CRC-1 000082 and 2019 CRC-1 000098. Originally, Mr. Good pleaded not guilty to the indictments. Subsequently, Mr. Good changed his plea to guilty on 29 counts. Prior to sentencing, the trial court ordered a presentence investigation report ("PSI") which is part of the record on appeal. Both the State and Mr. Good's counsel addressed the court, and the State requested a sentence of 46 years. Further, Mr. Good addressed the court, stating:

I've never addressed the [c]ourt on any of my past crimes. I want to thank [my attorney] for recognizing some of the good I've done. But there's a couple issues [the State] addressed that wasn't me. You know, my guns, they wasn't loaded. They wasn't out in the open. They was tucked away. They was locked. You know, and the amount of drugs he says I sold * * * didn't happen. I sold drugs for seven months, Your Honor. That was it. What he got his statistics off of I have no clue. And the drugs he said I sold or had is astronomical where it never happened because there was nothing there. I held out for what I said I was going to. I plead guilty to these charges, whether I was guilty of them or not. You know, I give any addict the shirt off my back to see them live another day, not to sell any dope. You know, there's nobody that can say anything bad about me because I did nothing bad. I sold drugs. I can't justify that but I'm not going to let the [c]ourt walk on me the way [the State] just did. With that I thank the [c]ourt and I apologize to the community.

**{¶3}** Prior to issuing Mr. Good's sentence, the trial court stated:

All right, Mr. Good, the [c]ourt has reviewed the [PSI] as well as the letters written on your behalf. I will acknowledge that you've taken responsibility for these actions from the beginning. On the day of your arrest you made no issue about it. I am taking that into consideration, your taking responsibility for your actions. Although, obviously * * * the actions weren't very appropriate which you've acknowledged as well. *Selling drugs is not something that we need to have in the community. I am making the sentencing decision based upon the overriding principles and purposes of felony sentencing; that is to protect the public from future crime from you or others and to issue some form of punishment. The [c]ourt has as I indicated reviewed the [PSI] gone down each of these counts and looked at them.* I would also indicate to you that I believe I made a representation to your attorney during a pretrial when there was a recommendation regarding sentence that I thought that was a bit high, but when I finally do the calculations it's actually in that range. So since we have [18] counts in the first case and 11 in the second. I'm going to proceed at this point.

(Emphasis added.)

**{¶4}** The trial court sentenced Mr. Good to 7 and ½ years imprisonment in Case No. 2019 CRC-1 000082, 6 of which are mandatory. Further, the trial court sentenced Mr. Good to 8 years imprisonment in Case No. 2019 CRC-1 000098, 6 of which are mandatory. In ordering these sentences to run consecutively, the trial court explained:

* * *

it's necessary I believe to protect and or punish [Mr. Good]. I don't believe it's disproportionate at this point. I would also indicate that [Mr. Good's] criminal history does show that consecutive terms would be needed to protect the public. And for the [r]ecord I would just indicate some of the offenses [Mr. Good] has been convicted of over the years. It goes back to 1994 with an assault conviction, several DUI's, another assault in 1995, probation violations, using weapons while intoxicated in [1996], an assault in [1996], telephone harassment in [1996], domestic violence in [1998], assault in [1999], resisting arrest in [2002], a DUI in [2002]. I would also indicate that all of these are misdemeanors. [2006] a failure to comply, that was a felony of the third degree. Obstructing official business was a felony of the fifth degree also in [2006]. And then trafficking in cocaine in [2008] and some other misdemeanors since [2008], another felony receiving stolen property in 2014, felony domestic violence in 2016 and some other misdemeanors so that gives the [r]ecord a general sense of [Mr. Good's] prior history. So these terms will run consecutive. * * *

{¶5} Mr. Good now appeals, raising four assignments of error for our review. We note, on page one of his brief, Mr. Good listed three assignments of error. However, in the body of his brief, Mr. Good argued four assignments of error, although they are misnumbered. This Court will now address Mr. Good's four assignments of error.

II.

## ASSIGNMENT OF ERROR I

**THE COURT FAILED TO [] MAKE THE REQUIRED FINDINGS AND TO ADHERE TO R.C. 2929.14(C)(4) AND [R.C.] 2929.41(A) IN IMPOSING CONSECUTIVE SENTENCES AND [] AS SUCH, THE TRIAL COURT'S FINDINGS WERE ERRONEOUS AND EXCESSIVE AND ARE "CONTRARY TO LAW" AND THE SENTENCE IS PLAIN ERROR[.]**

{¶6} In his first assignment of error, Mr. Good argues the trial failed to make the requisite findings pursuant to R.C. 2929.14(C)(4) and R.C. 2929.41(A)[1] in imposing consecutive sentences in this matter. For the following reasons, we agree.

---

[1] R.C. 2929.41 (A), states, in relevant part: "[e]xcept as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States."

**{¶7}** This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. As explained in *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus:

> Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

**{¶8}** R.C. 2929.14(C)(4) requires trial courts to make certain findings before imposing consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively *if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public*, *and if the court also finds any of the following*:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) *The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.*

(Emphasis added.)

{¶9} To impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. The court is not required to explain its findings or include "'a word-for-word recitation of the language of the statute * * *.'" *State v. Brundage*, 9th Dist. Summit No. 29477, 2020-Ohio-653, ¶ 17, quoting *Bonnell* at ¶ 29. Nevertheless, a reviewing court must be able to "discern that the trial court engaged in the correct analysis" and conclude "that the record contains evidence to support the [trial court's] findings." *Bonnell* at ¶ 29. "If it is impossible to discern whether the trial court engaged in the correct analysis or made the required statutory findings, the imposition of consecutive sentences must be reversed, and the matter must be remanded for resentencing so that the trial court 'can properly consider R.C. 2929.14(C)(4) and make the necessary findings.'" *State v. Gales*, 9th Dist. Summit No. 29316, 2022-Ohio-776, ¶ 38, quoting *State v. Callaghan*, 9th Dist. Summit No. 29431, 2021-Ohio-1047, ¶ 24-25. *See also State v. Mellott*, 9th Dist. Wayne Nos. 16AP0081, 16AP0082, 2017-Ohio-7545, ¶ 16.

{¶10} Here, the transcript of the sentencing hearing shows the trial court, pursuant to R.C. 2929.14(C)(4), made some, but not all, of the requisite findings. Specifically, the trial court stated:

> it's necessary I believe to protect and or punish [Mr. Good]. I don't believe it's disproportionate at this point. I would also indicate that [Mr. Good's] criminal history does show that consecutive terms would be needed to protect the public.

From these statements, we can discern that the trial court engaged in the correct analysis and made the appropriate findings as to the first prong of R.C. 2929.14(C)(4), that consecutive sentences are necessary to punish Mr. Good, and the third prong of R.C. 2929.14(C)(4), R.C. 2929.14(C)(4)(c), that Mr. Good's history of criminal conduct demonstrates that consecutive sentences are necessary

to protect the public from future crime by Mr. Good. However, as to the second prong of R.C. 2929.14(C)(4), we cannot discern whether the trial court engaged in a complete analysis regarding whether the consecutive sentences are not disproportionate to the seriousness of the Mr. Good's conduct and to the danger Mr. Good poses to the public. Furthermore, the trial court did not make findings as to the necessity of consecutive sentences in either of its sentencing entries.

{¶11} Therefore, although we make no determination regarding the merits of imposing consecutive sentences in Mr. Good's case, the trial court's imposition of consecutive sentences, for the reasons stated above, was contrary to law. We reverse the trial court's imposition of consecutive sentences and remand the matter for resentencing so the trial court can properly consider R.C. 2929.14(C)(4) and make the necessary findings prior to sentencing. *See Callaghan* at ¶ 24-25.

{¶12} Accordingly, Mr. Good's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**THE COURT IMPOSED AN EXCESSIVE SENTENCE FOR EACH COUNT OF EACH INDICTMENT IN EACH OF THE TWO CASES, AND RUNNING CONSECUTIVE SENTENCES IN TWO COUNTS IN EACH CASE SENTENCE WAS CONTRARY TO LAW AND WAS PLAIN ERROR[.]**

## ASSIGNMENT OF ERROR III

**THE COURT FAILED TO GIVE ANY BENEFIT TO MR. GOOD AS A DEFENDANT DESPITE HIS ACCEPTANCE OF RESPONSIBILITY AND ACKNOWLEDGMENT AT SENTENCING OF HIS WRONGDOING, AND AS SUCH, DESPITE BEING WITHIN THE SENTENCING RANGE, THE SENTENCE WAS UNDULY HARSH AND RETALIATORY AGAINST MR. GOOD. HENCE, THE SENTENCE IMPOSED IS INCONSISTENT WITH THE PRINCIPLES AND PURPOSES OF OHIO SENTENCING LAW AND**

**IS THEREFORE CONTRARY TO LAW AND THE COURT COMMITTED PLAIN ERROR BY IMPOSING AN EXCESSIVE SENTENCE ON HIM[.]**

{¶13}    In his second and third assignments of error, Mr. Good argues his individual sentences, and aggregate sentence, are contrary to law because they are excessive, unduly harsh, and retaliatory.[2]  For the following reasons, we disagree.[3]

{¶14}    The *Marcum* Court stated: "[a]pplying the plain language of R.C. 2953.08(G)(2), [an appellate court] may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under

---

[2] We decline to address any additional arguments relating to the imposition of consecutive sentences, in Mr. Good's second and third assignments of error, as our disposition of Mr. Good's first assignment of error renders these arguments moot.

[3] At oral argument, the State conceded it overstated Mr. Good's criminal history *relating to drugs* at the sentencing hearing.  However, prior to sentencing, the record reveals the trial court reviewed the PSI with accurate information regarding Mr. Good's criminal history dating back to 1993.

relevant statutes or that the sentence is otherwise contrary to law." *Marcum*, 2016-Ohio-1002, ¶ 1. Further, as indicated above:

> Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Cross*, 161 Ohio St. 469 at paragraph three of the syllabus. R.C. 2953.08(G)(2) specifically states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶15} This Court, in its disposition of Mr. Good's first assignment of error, has already addressed the trial court's failure to comply with R.C. 2929.14(C)(4) in issuing consecutive sentences upon Mr. Good. The other statutes referenced in R.C. 2953.08(G)(2)(a), however, are not relevant to this appeal. *See also State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 28 ("R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. *But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a).* Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.") (Emphasis added.) Thus, this Court will not engage in an analysis regarding whether the record supports the trial court's findings under R.C. 2929.11 and R.C. 2929.12.

{¶16} Further, this Court cannot say there is clear and convincing evidence that Mr. Good's individual sentences are contrary to law. According to the *Jones* Court, *supra*, "[t]he term "contrary to law' was used in R.C. 2953.08(G)(4) when R.C. 2953.08 was enacted in 1995. * * * At that time, legal dictionaries defined 'contrary to law' as 'in violation of statute or legal regulations at a given time,' e.g., Black's Law Dictionary 328 (6th Ed.1990)." *Id.* at ¶ 34. Further, the *Jones* Court analyzed the evolution of R.C. 2953.08, including the amendments thereto, to conclude that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. In reaching this conclusion, the *Jones* Court explained:

> In our view, this evolution reveals two things of importance to this case. First, when R.C. 2953.08 was enacted in 1995, the term "otherwise contrary to law" in former R.C. 2953.08(G)(4), 146 Ohio Laws, Part IV, at 7565, meant something other than an appellate court finding that the record does not support a sentence. This is because such a finding would have fallen under the provision permitting the appellate court to vacate a sentence if "the record does not support the sentence." Former R.C. 2953.08(G)(1), 146 Ohio Laws, Part IV, at 7564. Second, since R.C. 2953.08 was first enacted, the term "otherwise contrary to law" has not been expanded or modified to include such findings. This is clear because when the General Assembly amended R.C. 2953.08(G) in 2000 to eliminate the broad provision permitting an appellate court to review whether "the record does not support the sentence," it left the "otherwise contrary to law" provision that is still in current R.C. 2953.08(G)(2)(b) unchanged. Concluding that the term "otherwise contrary to law" nonetheless has expanded to include an appellate court's conclusion that a sentence is not supported by the record would run contrary to the notion that we "must presume that the amendments were made to change the effect and operation of the law[.]"

(Internal citations omitted.) *Id.* at ¶ 38.

{¶17} Indeed, Mr. Good was sentenced well within the parameters set forth in the sentencing guidelines. In that regard, Mr. Good's sentence is not contrary to law. The State requested Mr. Good be sentenced to 46 years imprisonment for his crimes. The trial court, after

reviewing the PSI and letters submitted in support of Mr. Good, and allowing Mr. Good to personally address the court, sentenced Mr. Good to 15 and ½ years imprisonment, which is less than one-third of the sentence suggested by the State. Thus, Mr. Good has failed to demonstrate, by clear and convincing evidence, that his individual sentences are in violation of a statute or legal regulation, and are contrary to law.

**{¶18}** Accordingly, Mr. Good's second and third assignments of error are overruled.

### ASSIGNMENT OF ERROR IV

**MR. GOOD WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ALL TO HIS PREJUDICE[.]**

**{¶19}** In his fourth assignment of error, Mr. Good argues his counsel was ineffective because he did not provide the trial court with a "prepared sentencing presentation[,]" highlighting the nature of Mr. Good's criminal history "to put it in perspective and rebut the [State's] inaccurate remarks," suggesting a lesser term of sentence, presenting mitigating evidence, and bringing in witnesses to testify in support of Mr. Good. We disagree.

**{¶20}** To prove ineffective assistance of counsel, an appellant must establish both that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id*. at paragraph three of the syllabus. If a defendant fails to prove one prong under *Strickland*, this Court need not address the other prong. *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

**{¶21}** At sentencing, Mr. Good's counsel addressed the trial court, stating:

Judge, I know you're familiar with [Mr. Good] and there's also been a [PSI] filed in this matter. I filed a sentencing memorandum.[4] I think all those give you a pretty good picture of who [Mr. Good] is. Has he done some bad, absolutely. And [Mr. Good] would be the first person to tell you that. He's also done a lot of good. And in those letters it tells of times where people are in need, [Mr. Good] is the first one there, helps others. So again, while he's done some bad he's taken responsibility for that, Judge. And not just here in court, he did it with law enforcement when he was arrested. Yes, those are mine. Anything in there, that's all mine. So he's never denied that what he's done is bad. He's recognized it and I think that's an important factor in this case. Judge, I think 46 years is really, really high. There are people who commit murders or rapes and they don't get anywhere near that. Not to minimize this case but at the end of the day it is a drug case. We understand that a portion of the sentence is going to be mandatory, Judge. But we'd also ask for some non-mandatory time. That would give [Mr. Good] an incentive to do well while he's in prison to better himself while he's there which is better for everyone. Lastly, Judge, I filed a motion to waive the mandatory fines in this case. He just simply doesn't have the financial wherewithal to satisfy those, Judge, so we ask that you grant that motion as well. Thank you.

"The presentation of mitigating evidence is a matter of trial strategy, * * * even if counsel's chosen strategy proves unsuccessful." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 304, quoting *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, ¶ 189. Because there are "countless ways to provide effective assistance in any given case," judicial scrutiny of a lawyer's performance must be "highly deferential." *Strickland* at 689.

{¶22} Here, the record supports that Mr. Good's counsel presented mitigating factors to the trial court, such as taking responsibility for his crimes and helping community members in need of assistance. Moreover, Mr. Good's counsel argued the State's request for 46 years is

---

[4] The record indicates counsel filed a document titled "Sentencing Memorandum" with twelve letters from community members attached in support of Mr. Good.

"really high," in light of this being a "drug" case, when individuals who commit violent crimes get lower sentences. Further, Mr. Good's counsel submitted twelve letters from community members in support of Mr. Good, which the trial court indicated reviewing prior to issuing sentence. Lastly, the trial court did not impose a 46 year sentence upon Mr. Good, but, instead, sentenced Mr. Good to 15 and ½ years imprisonment. As such, based upon this record, this Court cannot say Mr. Good's counsel's performance was deficient.

{¶23} Accordingly, Mr. Good's fourth assignment of error is overruled.

III.

{¶24} For the foregoing reasons, Mr. Good's first assignment of error is sustained. Mr. Good's second, third, and fourth assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed, in part, reversed, in part, and remanded for proceedings consistent with this decision.

Judgment affirmed, in part,
reversed, in part,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and MICHAEL COOPER, Assistant Prosecuting Attorney, for Appellee.