[Cite as *State v. Mellott*, 2017-Ohio-7545.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. Nos. | 16AP0081 |
|---|---|---|---|
| | | | 16AP0082 |
| Appellee | | | |
| | | | |
| v. | | | |
| | | APPEAL FROM JUDGMENT | |
| ROCCO L. MELLOTT | | ENTERED IN THE | |
| | | COURT OF COMMON PLEAS | |
| Appellant | | COUNTY OF WAYNE, OHIO | |
| | | CASE Nos. 2016 CRC-I 000055 | |
| | | 2016 CRC-I 000114 | |

DECISION AND JOURNAL ENTRY

Dated: September 11, 2017

---

CALLAHAN, Judge.

{¶1} Appellant, Rocco Mellott, appeals his sentences from the Wayne County Common Pleas Court. This Court affirms in part, but reverses the imposition of the consecutive sentence and remands the matter for the trial court to engage in the necessary sentencing analysis under R.C. 2929.14(C)(4).

I.

{¶2} Mr. Mellott pled guilty to domestic violence, a third degree felony, in case 2016 CRC-I 000055. He also pled guilty to theft, a fifth degree felony, in case 2016 CRC-I 000114. After a presentence investigation, Mr. Mellott was sentenced to thirty-six months in prison for the domestic violence and six months in prison for the theft. The sentences were ordered to be served consecutively. Mr. Mellott now appeals, raising two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. MELLOTT BY ORDERING THE MAXIMUM SENTENCE ON THE COUNT OF DOMESTIC VIOLENCE AND THE SENTENCE WAS CONTRARY TO LAW.

{¶3}   Mr. Mellott argues that he should not have received the maximum sentence for the domestic violence charge because "[h]is criminal record [] is not particularly egregious" and he has led a "relatively law abiding life[.]"  Mr. Mellott further argues "[t]here is no evidence in the record that [he] was not amendable [sic] to treatment, rehabilitation, or whether a lesser prison sentence would have been sufficient to protect the public from future crime by [him] while still accomplishing the goal of punishment."

{¶4}   In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that [1] the record does not support the trial court's findings under relevant statutes or [2] * * * the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶5}   During the sentencing hearing the trial judge noted the seriousness of the victim's injuries, Mr. Mellott's two prior domestic violence convictions, and the fact that each of the domestic violence offenses was committed against a different victim.  The trial judge found that Mr. Mellott had not "really expressed that much remorse." In making these findings, the trial judge stated he had reviewed the presentence investigation report.

**{¶6}** The presentence investigation report has not been included in the record on appeal. It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal. *See* App.R. 9. This Court has consistently held that "where the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5, citing *State v. McGowan*, 9th Dist. Summit No. 27092, 2014-Ohio-2630, ¶ 6. In cases such as this where the presentence investigation report is necessary to enable an appropriate review of the propriety of the sentence, Mr. Mellott's failure to ensure that the record includes that report requires a presumption of regularity in the sentencing proceedings. *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing *Daniel* at ¶ 6, citing *McGowan* at ¶ 7.

**{¶7}** Mr. Mellott also argues that the trial court erred when it simply made a conclusory statement that the maximum sentence would not be burdensome on government resources, without providing any analysis. However, Mr. Mellott has cited no legal authority in support of his assertion that a trial court must provide such an analysis. "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5, citing App.R. 16(A)(7). "This Court will not create an argument on the behalf of an appellant." *Id.*, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

**{¶8}** Mr. Mellott's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. MELLOTT BY ORDERING THE SENTENCE ON THE COUNT OF THEFT TO BE SERVED CONSECUTIVELY TO THE SENTENCE FOR DOMESTIC VIOLENCE AND THE SENTENCE WAS CONTRARY TO LAW.

{¶9} Mr. Mellott argues that the trial court failed to comply with R.C. 2929.14(C)(4) when it ordered him to serve his theft sentence consecutive to his domestic violence sentence. He argues that none of the necessary R.C. 2929.14(C)(4)(a)-(c) factors apply to his case. The applicable standard of review is set forth under the first assignment of error.

{¶10} R.C. 2929.14(C)(4) provides that, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses," the sentencing court may require the offender to serve the terms consecutively "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" The court must also find "any" of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶11} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, the Ohio Supreme Court held that to impose consecutive sentences, "a trial court is required to make the findings

mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *Id.* at syllabus. It explained, however, that "a word-for-word recitation of the language of the statute is not required[.]" *Id.* at ¶ 29. Instead, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶12} Thus, *Bonnell* places upon the trial court an affirmative duty to state the applicable R.C. 2929.14(C)(4) findings on the record during the sentencing hearing when imposing a consecutive sentence and to incorporate the same into the sentencing entry. *Id.* at ¶ 29. While *Bonnell* relieved the trial court of the burden of using the word-for-word statutory language, a reviewing court must be able to discern from the trial court's language that it engaged in the analysis required under R.C. 2929.14(C)(4). *Id.*

{¶13} This Court is unable to review whether any of the R.C. 2929.14(C)(4)(a)-(c) factors apply to Mr. Mellott's case, because neither the sentencing entry nor the trial judge's statements at the sentencing hearing reflect that the trial court engaged in the necessary R.C. 2929.14(C)(4) analysis or made the proper findings to support the imposition of a consecutive sentence.

{¶14} Here, when sentencing Mr. Mellott for the theft offense, the trial judge said, "[s]o[,] I think it's appropriate[,] since this is an entirely different circumstance[,] I think it's appropriate to have consecutive sentences." The trial court made no further statements regarding the imposition of a consecutive sentence. There was no analysis under R.C. 2929.14(C)(4). Further, the trial judge's assent to the prosecutor's statement that "[y]our Honor, just to make certain that[,] with respect to the consecutive sentences[,] that the [c]ourt has considered the

factors set forth in [R.C.] 2929.14(C)(4) and they'll be articulated in the judgment entry?" is insufficient to satisfy the affirmative duty to make R.C. 2929.14(C)(4) findings.

{¶15} The sentencing entry for the theft charge states: "Consecutive sentence is necessary to protect the public from future crime. The sentence is not disproportionate to the seriousness of the offender's conduct." The sentencing entry does not contain a mandatory finding under R.C. 2929.14(C)(4)(a)-(c).

{¶16} As a result of the lack of any analysis under R.C. 2929.14(C)(4)(a)-(c), this Court must reverse the trial court's imposition of a consecutive sentence for the theft offense and remand the matter for it to properly consider R.C. 2929.14(C)(4) and make the necessary findings. *See State v. Brooks*, 9th Dist. Summit Nos. 26437, 26352, 2013-Ohio-2169, ¶ 15 (reversing trial court's imposition of consecutive sentences where "the sentencing hearing transcript is devoid of the level of detail that would allow this Court to conclude that the trial court engaged in the appropriate analysis").

{¶17} Mr. Mellott's second assignment of error is sustained.

III.

{¶18} Mr. Mellott's first assignment of error is overruled and his second assignment of error is sustained. The judgment of the Wayne County Common Pleas Court is affirmed in part, reversed in part, and this matter is remanded for the trial court to engage in the necessary sentencing analysis under R.C. 2929.14(C)(4).

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
LYNNE S. CALLAHAN
FOR THE COURT


SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

JARED C. ROBERTS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.