**[Cite as *State v. Finch-Ball*, 2021-Ohio-2221.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

BURTON FINCH-BALL

    Appellant

C.A. Nos.     29821
              29822

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 19 15 1741
             CR 20 02 0466

DECISION AND JOURNAL ENTRY

Dated: June 30, 2021

CALLAHAN, Judge.

**{¶1}** Defendant-Appellant, Burton Finch-Ball, appeals from the judgments of the Summit County Court of Common Pleas. This Court reverses.

I.

**{¶2}** In Criminal Case No. 2019-05-1742, Mr. Finch-Ball was charged with one count of violating a protection order. He incurred that charge after he repeatedly contacted an ex-girlfriend from jail. Because he previously had been convicted of violating a protection order, Mr. Finch-Ball was charged with a fifth-degree felony.

**{¶3}** Eight months later, while Mr. Finch-Ball was out on bond, he attacked his father at their shared home. The incident led to Mr. Finch-Ball being charged with one count of domestic violence, a fourth-degree felony, and multiple counts of violating a protection order. His new charges were set forth in Criminal Case No. 2020-02-0466.

{¶4}   Mr. Finch-Ball's two cases were never formally joined, but he agreed to plead guilty and simultaneously resolve both matters.  Specifically, he pleaded guilty to the single count in Criminal Case No. 2019-05-1742 and one count of domestic violence in Criminal Case No. 2020-02-0466.  His remaining charges were dismissed, a pre-sentence investigation report was ordered, and the two cases were scheduled for sentencing.

{¶5}   At his sentencing hearing, Mr. Finch-Ball asked the trial court to impose a term of community control while the State asked the court to impose consecutive prison sentences.  In Criminal Case No. 2019-05-1742, the court sentenced Mr. Finch-Ball to six months in prison for violating a protection order.  In Criminal Case No. 2020-02-0466, the court sentenced him to twelve months in prison for committing domestic violence.  The court ordered Mr. Finch-Ball to serve his two sentences consecutively for a total of eighteen months in prison.

{¶6}   Mr. Finch-Ball appealed the trial court's judgment in Criminal Case No. 2019-05-1742 as well as its judgment in Criminal Case No. 2020-02-0466.  Though his appeals were not consolidated, he filed one brief addressing both cases in a single assignment of error.  Accordingly, this Court has consolidated the two cases for purposes of entering its judgment.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO TWO
CONSECUTIVE SENTENCES WHICH WERE IMPROPERLY IMPOSED AND
NOT IN ACCORDANCE WITH THE FACTORS DESCRIBED IN R.C.
§2929.14(C)(4).

{¶7}   In his sole assignment of error, Mr. Finch-Ball argues that the trial court erred by imposing consecutive sentences upon him.  He argues that the record does not support a finding of consecutive sentences, and, in any event, the court failed to make the required statutory findings when sentencing him.  For the following reasons, this Court sustains his assignment of error.

{¶8}     This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9}     R.C. 2929.14(C)(4) requires trial courts to make certain findings before imposing consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

To impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.  The court is not required to offer an explanation for its findings or include "'a word-for-word recitation of the language of the statute * * *.'" *State v. Brundage*, 9th Dist. Summit No. 29477, 2020-Ohio-653, ¶ 17, quoting *Bonnell* at

¶ 29. Nevertheless, a reviewing court must be able to "discern that the trial court engaged in the correct analysis" and conclude "that the record contains evidence to support the [trial court's] findings." *Bonnell* at ¶ 29. If it is impossible to discern whether the trial court engaged in the correct analysis or made the required statutory findings, the imposition of consecutive sentences must be reversed, and the matter must be remanded for resentencing so that the trial court "can properly consider R.C. 2929.14(C)(4) and make the necessary findings." *State v. Callaghan*, 9th Dist. Summit No. 29431, 2021-Ohio-1047, ¶ 24-25. *See also State v. Mellott*, 9th Dist. Wayne Nos. 16AP0081, 16AP0082, 2017-Ohio-7545, ¶ 16.

{¶10} At the sentencing hearing, the State asked the trial court to impose consecutive prison terms upon Mr. Finch-Ball. The prosecutor noted that Mr. Finch-Ball had prior convictions for violating a protection order and domestic violence but had not been rehabilitated. Instead, he had incurred new charges, some of which he had incurred while out on bond, and had failed to show any remorse for his actions. The prosecutor argued that Mr. Finch-Ball was manipulative and that his actions demonstrated a likelihood of recidivism. Thus, the prosecutor argued that consecutive sentences were warranted.

{¶11} In orally pronouncing Mr. Finch-Ball's sentence, the trial court indicated that it was following the prosecutor's sentencing recommendation "for all the reasons stated * * * in the prosecutor's position statement * * *." The trial court stated that Mr. Finch-Ball's prison terms would run consecutively "because of the seriousness of the offense; also the fact that each event is separated in a period of time, in this case, by * * * about eight or nine months." The trial court did not otherwise set forth any findings in support of consecutive sentences in open court.

{¶12} In journalizing Mr. Finch-Ball's sentence, the trial court issued two sentencing entries: one in Criminal Case No. 2019-05-1742 and one in Criminal Case No. 2020-02-0466. The

two entries contained identical provisions on consecutive service. Specifically, both entries provided:

> The Court further finds, pursuant to R.C. 2929.14(C)(4), consecutive sentences are necessary to protect the public OR to punish the offender; consecutive sentences are not disproportionate to the seriousness of the offender's conduct; to the danger the offender poses to the public; and the Court further finds at least two of the multiple offenses were committed as part of one or more courses of conduct, AND the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(Emphasis in original.) Thus, the sentencing entries contained findings under R.C. 2929.14(C)(4)(b).

{¶13} Mr. Finch-Ball asks this Court to vacate his sentences because he was not properly sentenced under R.C. 2929.14(C)(4). With respect to his sentencing hearing, he notes that the trial court merely referenced the prosecutor's recommendation and did not explicitly address the required statutory findings. He argues that the trial court's "apparent adoption of the prosecution's argument does not satisfy the statutory requirements of [R.C.] 2929.14(C)(4) for analysis prior to sentencing." With respect to his sentencing entries, Mr. Finch-Ball argues that the court's findings under R.C. 2929.14(C)(4)(b) are not supported by the record. He notes that he was only convicted of two crimes, that they occurred at least eight months apart, and that they involved entirely different victims. He argues that there was no evidence to support the court's finding that he engaged in a course of conduct within the meaning of R.C. 2929.14(C)(4)(b).

{¶14} Initially, we note that Mr. Finch-Ball's brief contains a single statement wherein he has written that his prison terms "were beyond the minimum necessary to protect the public while punishing [him] and rehabilitating him." That statement follows a short quote from R.C. 2929.11, which sets forth the overriding purposes of felony sentencing. Although Mr. Finch-Ball has quoted

R.C. 2929.11, he has not developed an argument in that regard. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Moreover, his captioned assignment of error only addresses the consecutive aspect of his sentence. This Court will not construct an argument on Mr. Finch-Ball's behalf. *See Cardone* at *8. Accordingly, to the extent he has attempted to challenge the reasonableness of his individual prison terms, this Court declines to address his argument. *Id.*

{¶15} Upon review, this Court concludes that Mr. Finch-Ball's sentences must be vacated, and this matter must be remanded for resentencing. The trial court imposed consecutive prison terms upon Mr. Finch-Ball without addressing the findings required by R.C. 2929.14(C)(4) at his sentencing hearing. The court merely referenced the prosecutor's argument, the seriousness of Mr. Finch-Ball's offense, and the amount of time that separated his offenses. Although the court included R.C. 2929.14(C)(4) findings in its sentencing entry, it was also required to make those findings at the sentencing hearing. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at syllabus. The record reflects and the State concedes that the trial court did not do so. Accordingly, the imposition of consecutive sentences must be reversed, and the matter must be remanded for resentencing so that the trial court "can properly consider R.C. 2929.14(C)(4) and make the necessary findings." *Callaghan*, 2021-Ohio-1047, at ¶ 25; *Mellott*, 2017-Ohio-7545, at ¶ 16. As this matter must be remanded for resentencing, this Court takes no position on Mr. Finch-Ball's additional argument that the trial court's findings under R.C. 2929.14(C)(4)(b) are not supported by the record. For the foregoing reasons, Mr. Finch-Ball's sole assignment of error is sustained.

## III.

{¶16} Mr. Finch-Ball's sole assignment of error is sustained for the reasons outlined above. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JILL C. CABE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.